UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDERSON, et al.,<br><br>PlaintiffS,<br><br>v.<br><br>AMERICORE HUMANOLOGY, et al.,<br><br>Defendants. | Case No. 1:25-cv-01428-JLT-EPG<br><br>ORDER DIRECTING PLAINTIFF TO SUPPLEMENT *IN FORMA PAUPERIS* APPLICATION<br><br>(ECF No. 2). |

Plaintiffs Lukas Elijah Henderson and Betty Ann Henderson filed this civil action on October 27, 2025. (ECF No. 1). With the filing of the complaint, Plaintiffs[1] submitted an application to proceed *in forma pauperis* (IFP) (ECF No. 2).

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still

---

[1] Plaintiff Lukas Elijah Henderson's signature is the only individual who signed IFP application.

1

afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

With these standards in mind, the Court notes that Plaintiffs IFP application leaves many of the required questions unanswered. Plaintiff did not answer Question 1: "*If incarcerated.* I am being held at?" (ECF No. 2, p. 1). Nor did he provide an answer to Question 2: "*If not incarcerated.* If I am employed, my employer's name and address are." (*Id.*). Notably, while Plaintiff does not provide employer information, he lists his gross pay or wages as $400 and his take-home pay or wages as $300 every two weeks. (*Id.*). Furthermore, Plaintiff marked the "Business, profession, or other self-employment" box as "Yes," indicating other sources of income, yet Plaintiff fails to describe the source of money as required. (*Id.*). Finally, Plaintiff fails to provide any information regarding his housing, transportation, utilities, loan payments, or other monthly expenses. (*Id.* at p.2)

Plaintiff's employer, potential earnings, and sources of income over the last twelve months need to be accurately reported before this Court can determine whether Plaintiff is eligible to proceed IFP in this action. Furthermore, Plaintiff needs to provide complete information in the application to proceed *in forma pauperis*.

Because Plaintiff's IFP application is incomplete, the Court will require Plaintiff to submit a supplemental IFP application.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court is directed to send Plaintiff, along with this order, a long form IFP application (AO 239).
2. Within thirty (30) days of the date of service of this order, Plaintiff shall submit the attached IFP application, completed and signed under penalty of perjury, or in the alternative, pay the $405.00 filing fee for this action.

\\\
\\\
\\\

3. No requests for extension will be granted without a showing of good cause. **Failure to comply with this order may result in dismissal of this action.**

IT IS SO ORDERED.

Dated: __October 28, 2025__             /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3