UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKAS ELIJAH HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICORE HUMANOLOGY, et al.,<br><br>Defendants. | Case No. 1:25-cv-01428-JLT-EPG<br><br>SCREENING ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT PLAINTIFF WANTS TO STAND ON THE COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Lukas Elijah Henderson ("Plaintiff") proceeds *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 8). In his complaint, Plaintiff alleges Defendants duplicated his genome. (ECF No. 1)

Upon review of the complaint, the Court concludes that Plaintiff fails to state any cognizable claims or demonstrate that this Court has jurisdiction.

Plaintiff now has two options on how to proceed: (1) Plaintiff may file an amended complaint, if Plaintiff believes that additional facts would state cognizable claims subject to this Court's jurisdiction, which amended complaint the Court will screen in due course; or (2) Plaintiff may file a notice stating that Plaintiff wants to stand on this complaint and have it reviewed by a District Judge, in which case the Court will issue findings and recommendations to

1

a District Judge consistent with this order.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff names as Defendants Americore Humanology and Merieux Nutrisciences. Plaintiff states that the Court has jurisdiction based on a federal question. Specifically, "Defendants didn't have the right to duplicate Plaintiff in question." (ECF No. 1 at 4). Plaintiff's only statement of the claim is as follows

> Americore Humanology is guilty of duplication of my plaintiff genomi in the make of a working bot. That has forced entry to my residence with attempted murdered [sic], while Plaintiff were in the residents.

(ECF No. 1 at 5).

---

[1] For readability, minor alterations, like changing punctuation and altering capitalization, have been made to some of Plaintiff's quotations without indicating each change.

Plaintiff seeks punitive damages "to the well-being" and "orders the court to order of protective custody from defendants' company in its merits…" (*Id.* at 6).

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Lack of Short and Plain Statement

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint does not contain a short and plain statement of Plaintiff's claims, as required by this rule. The complaint consists of a single factual allegation about Defendants duplicating Plaintiff's genome and creating a "bot" to break into his residence to attempt a murder of Plaintiff.  (ECF No. 1 at 5). Additionally, Plaintiff does not mention Defendant Merieux Nutriscences in his factual allegation, so it is unclear how this Defendant personally participated in Plaintiff's claim.

Thus, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a) and is subject to dismissal on that basis.

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the

3

[C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To determine whether the amount in controversy is met, "[t]he rule…is that… the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)(footnotes omitted). The court looks at the circumstances "at the time the complaint is filed." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004).

Here, Plaintiff alleges no facts to establish that the Court has subject-matter jurisdiction over this action. Plaintiff's complaint does not assert any federal claims, or indeed name any causes of action at all.

Additionally, while subject-matter jurisdiction may also be based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests and costs, Plaintiff has not shown that such jurisdiction is present here. Notably, Plaintiff does not provide

the citizenship of any of the parties.[2]

Accordingly, Plaintiff's complaint does not set forth a basis for federal subject-matter jurisdiction in this case.

### IV.    CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and concludes that Plaintiff fails to state any cognizable claims and fails to establish that this Court has jurisdiction.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Thus, the Court will provide Plaintiff with thirty days to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity described above. It should also assert facts that establish that this federal court has jurisdiction over Plaintiff's claims. Plaintiff should note that, although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint" and refer to the appropriate case number. Additionally, the amended complaint shall not be more than twenty-five pages long including any attached exhibits.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

For the above reasons, IT IS ORDERED that:

1.  The Clerk of Court is directed to send Plaintiff a *pro se* civil complaint form.

2.  Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.  File a First Amended Complaint; or

---

[2] The Court recognizes that the address that Plaintiff provides (as Plaintiff's address) in the complaint is in California. (ECF No. 1, p. 1).

      b.  File a notice stating that Plaintiff wants to stand on the complaint.

3.  Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:25-cv-01428-JLT-EPG.

4.  Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 6, 2026**            /s/ _Erica P. Grosjean_

                                 UNITED STATES MAGISTRATE JUDGE